# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>v.<br><br>JOSEPH SERVIDIO,<br>Defendant. | Crim. No. 19-428-1 (RBK)<br><br>**OPINION** |

**ROBERT B. KUGLER**, United States District Judge:

Defendant Joseph Servidio is a federal inmate currently incarcerated in Lisbon, Ohio. He is proceeding with a motion for an extension of time to file a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 49). For the following reasons, the motion will be **DENIED**.

## I.   BACKGROUND

The Court recites only those facts necessary to the instant decision. Defendant pled guilty to one count of conspiracy to distribute, and to possess with intent to distribute, 50 grams or more of methamphetamine. On October 22, 2020, this Court entered judgment against Defendant, sentencing him to 180 months imprisonment to be followed by 5 years of supervised release. Defendant filed a direct appeal to the Third Circuit. The Third Circuit affirmed this Court's judgment on November 10, 2021. (ECF No. 50).

On August 4, 2021, prior to the Third Circuit's decision, Defendant filed a motion for extension of time to file a motion set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF No. 49). Defendant requests the Court allow him ninety days from the conclusion of his direct appeal to file a § 2255 motion. (*Id.*)

1

## II.   DISCUSSION

Because any potential § 2255 motion that Defendant may file would be filed after April 24, 1996, Defendant is subject to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-132, 110 Stat. 1214 (Apr. 24, 1996). Under 28 U.S.C. § 2255(f), Defendant has one year in which to collaterally attack his judgment and conviction. This one-year period began to run when Defendant's "judgment of conviction became final." 28 U.S.C. § 2255(f)(1). Defendant filed a direct appeal from his judgment and conviction on June 10, 2021. (ECF No. 49). The Third Circuit Court of Appeals rendered their decision regarding Defendant's appeal on November 10, 2021, (ECF No. 50, 51), and Defendant did not file a petition for certiorari review to the U.S. Supreme Court. Therefore, Defendant's judgment of conviction became final on "the date on which the defendant's time for filing a timely petition for certiorari review expires"—namely, 90 days after the Third Circuit affirmed his conviction and sentence. *Kapral v. United States*, 166 F.3d 565, 577 (3d Cir. 1999). Accordingly, Defendant has until February 8, 2023 to file his § 2255 motion. *See id.*

The Third Circuit recognizes the jurisdiction of the sentencing court to rule on motions for extensions of time to file a § 2255 motion before a substantive motion for relief is filed. *United States v. Thomas*, 713 F.3d 165, 173 (3d Cir. 2013). "There are no bright-line rules for determining whether extra time should be permitted in a particular case." *Id.* at 174 (citing *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012)). Instead, "the unique circumstances of each defendant seeking relief must be taken into account." *Id.* (citing *Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2012)). "Courts should grant a motion for an extension of time to file a § 2255 motion sparingly, and should do so only when the 'principles of equity would make the rigid application of a limitation period unfair.'" *Id.* (quoting *Pabon*, 654 F.3d at 390) (other citation omitted). "[E]quity

permits extending the statutory time limit when a defendant shows that (1) he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (cleaned up) (citations omitted).

Here, Defendant asks that this Court grant him an extension of up to 90 days after the Third Circuit enters judgment on his direct appeal to file a § 2255 motion. (ECF No. 49 at 2). However, as explained above, Defendant has 1 year and 90 days from the date of the Third Circuit's decision to file his § 2255 motion, making his motion for an extension of time moot. Currently, Defendant has over ten months to file a § 2255 motion. As such, the Court will deny his request for leave for an extension of time. If Defendant requires additional time to file a § 2255 motion, he may reapply to the Court for leave for an extension.

### III. CONCLUSION

For the foregoing reasons, Defendant's motion for an extension of time to file a § 2255 motion is **DENIED**. An Order follows.

Dated: 04/11/2022

ROBERT B. KUGLER
United States District Judge